UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN F. HOLMES, SR.
     Plaintiff,

vs.                                                    Case No.: 3:05cv446/MCR/EMT

UNITED STATES AIR FORCE,
     Defendant.
_____/

## REPORT AND  RECOMMENDATION

     Plaintiff, proceeding pro se, initiated this action by filing an Employment Discrimination Complaint pursuant to 42 U.S.C. § 2000e (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 8).  Plaintiff was ordered to amend his complaint and attach a copy of his "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") (*id.*).  Plaintiff subsequently filed an amended complaint (Doc. 9), but failed to attach a copy of his "right to sue" letter and instead filed a "Request to Proceed Without 'Right to Sue' Letter" (Doc. 10).

     These matters are now before the court and are referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.Fla. Loc. R. 72.2(E).  After careful consideration and review of the amended complaint, the court concludes that Plaintiff has not presented and cannot present an actionable claim in this forum; therefore, dismissal of the complaint is warranted.  Further, Plaintiff's request to proceed without a "right to sue" letter should be denied as moot.

     Plaintiff names the United State Air Force ("USAF") as the Defendant[1] in this action (Doc.

---

[1]On the cover page of Plaintiff's complaint, he lists as Defendants "United States Air Force, et al., Air Force Reserve Command, Dobbins Air Reserve Base" (Doc. 9 at 1); however, it appears from a review of page two of the complaint that the USAF is the lone Defendant.  Nonetheless, if the undersigned has misconstrued the named Defendants, it would not change the analysis and conclusions contained in this Report and Recommendation.

9 at 2).  In support of his complaint, Plaintiff alleges he was an enlisted Staff Sergeant in the United States Air Force Reserves from September 18, 1999 until April 23, 2005 (*see* Doc. 9 at 3; Doc. 10, attach. 1).  During that time period, he was called to active duty on three occasions: March 15, 2002, December 6, 2002, and March 28, 2003 (*see* Doc. 9, statement of facts ("SOF"); Doc.10, attach. 1).  Plaintiff's last call to active duty was indefinite, as it was for the "contingency operation Enduring Freedom," and Plaintiff alleges he was "processed along with his unit as fit for duty" at that time (Doc. 9, SOF).  However, Plaintiff was hospitalized in April 2003 and readmitted in December 2003 for emergency surgery, to be followed by outpatient dialysis (*id.*).  In March 2004, Plaintiff was denied his "Line of Duty Determination" (*id.*).  Plaintiff alleges he was discriminated against on the basis of his race when he was denied this determination (*id.*).  More specifically, Plaintiff asserts that he has a terminal genetic medical condition that is more common in members of the African American race, and because this medical condition led to the denial of his line of duty determination, the denial was racially discriminatory (*see* Doc. 9; Doc. 10, attach. 1).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if Plaintiff fails to state a claim on which relief may be granted.  28 U.S.C.A. § 1915(e)(2)(B)(ii).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).

In the instant case, Plaintiff alleges employment discrimination in violation of Title VII. Section 717 of Title VII, 42 U.S.C. § 2000e-16(a), provides, in relevant part, "All personnel actions affecting employees . . . in military departments as defined in section 102 of Title 5[2] . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."  The courts have recognized the difference between the definition of the term "military departments" as used in 42 U.S.C. § 2000e-16(a) and the term "armed forces."  Under this distinction, the term "military

---

[2]Section 102 defines military departments as "The Department of the Army . . . Navy . . . [and] Air Force."

departments" includes only civilian employees of the Army, Navy, or Air Force, while the term "armed forces" refers to uniformed military personnel. *See* <u>Stinson v. Hornsby</u>, 821 F.2d 1537, 1539 (11th Cir. 1987) (Title VII is not applicable to persons who enlist or apply for enlistment in any of the Armed Forces of the United States); <u>Gonzalez v. Dep't of Army</u>, 718 F.2d 926, 928-29 (9th Cir.1983) (Title VII includes only civilian employees of the Army, Navy and Air Force). *See also* <u>Roper v. Dep't of Army</u>, 832 F.2d 247, 248 (2d Cir.1987); <u>Johnson v. Alexander</u>, 572 F.2d 1219 (8th Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978). Thus, Title VII does not apply to Plaintiff's claim, as he was an enlisted member of the Air Force during the time frame relevant to his complaint. Plaintiff has therefore not presented, nor can he present, an actionable claim under 42 U.S.C. § 2000e, and dismissal of this case is warranted.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's amended complaint (Doc. 9) be **DISMISSED**.

2.      That Plaintiff's Request to Proceed Without "Right to Sue" Letter (Doc. 10) be **DENIED as moot**.

3.      That any pending motions be **DENIED as moot**.

4.      That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of January 2006.


                         */s/ Elizabeth M. Timothy*
                         **ELIZABETH M. TIMOTHY**
                         **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**